IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

JOHN ROBERT DEMOS,

  Plaintiff,

vs.              No. 11-1253-JDT-egb

THE NATURAL RIGHTS CENTER,

  Defendant.

_____

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
(DOCKET ENTRY 2)
ORDER DIRECTING PLAINTIFF TO PAY FULL $350 CIVIL FILING FEE
ORDER DENYING ALL PENDING MOTIONS
AND
ORDER PROHIBITING PLAINTIFF FROM FILING FURTHER MOTIONS
AND DOCUMENTS UNTIL FILING FEE IS PAID
_____

  On August 11, 2011, Plaintiff John Robert Demos, Washington State prisoner number 287455-I-C-203, an inmate at the Washington State Penitentiary ("WSP"), in Walla Walla, Washington, filed a pro se complaint pursuant to 42 U.S.C. § 1983, along with a motion seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1, D.E. 2.)

  Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

  Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." In re Alea, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed hundreds of lawsuits across the country, and at least three of those suits were dismissed for failure to state a claim or as frivolous. See Demos v. Clinton, et al., No. 1:94cv939 (D.D.C. dismissed as frivolous on April 28, 1994); Demos v. John Doe, Chairman, Coca-Cola, No. 1:94cv16843 (N.D. Ga. dismissed as frivolous on March 4, 1995); Demos v. John Doe, Chairman, Adolph Coors Co., No. 1:94c1778 (D. Colo. dismissed as frivolous on August 1, 1994); Demos v. Frito-Lay, et al., No. 3:94cv1805 (N.D. Tex. dismissed as failing to state a claim on Nov. 7, 1994); Demos v. John Doe, No. 3:94cv2719 (N.D. Tex. dismissed as frivolous on Jan. 12, 1995); Demos v. John Doe, Leaf Inc., No. 1:94cv3817 (N.D. Ill. dismissed as frivolous on June 29, 1994; Demos v. H.J. Heinz, Chairman, No. 2:94cv4037 (E.D. Pa. dismissed as frivolous on July 6, 1994); Demos v. John Doe, Chairman Mars Incorporated Candy Company, No. 2:94cv4780 (D.N.J. dismissed as frivolous on September 30, 1994; Demos v. John Doe, Chairman, et al., No. 1:94cv4978 (N.D. Ill. dismissed as frivolous on January 6, 1995); Demos v. John Doe, Manufacturer, et al., No. 1:96cv743 (W.D. Mich. dismissed as frivolous on October 29, 1996; Demos v. IRS, No. 1:96cv1822 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1996; Demos v. Director, Census Bureau, No. 1:96cv1823 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1996); Demos v. Director, Patent Office, No. 1:96cv1824 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1996); Demos v. Director, Mint Officer, No. 1:96cv1825 (D.D.C. dismissed as frivolous and for failure to

state a claim on August 5, 1995); <u>Demos v. Alan Greenspan, Chairman, Federal Reserve Board</u>, No. 1:96cv1826 dismissed as frivolous and for failure to state a claim on which relief may be granted on August 5, 1996; <u>Demos v. Steven Skurka</u>, No. 96cv2267 (D.D.C. dismissed as frivolous on September 30, 1996); <u>Demos v. John Doe, Director American Correctional Association, et al.</u>, No. 2:97cv599 (W.D. Wash. dismissed as frivolous and warned on June 23, 1997); <u>Demos v. T.M. Hatin, CEO</u>, No. 1:97cv1819 (N.D. Ga. dismissed as frivolous on October 7, 1997); <u>Demos v. Scott Paper Company, et al.</u>, No. 2:97cv4109 (E.D. Pa. dismissed as frivolous on January 22, 1998); <u>Demos v. Hunt Oil Company</u>, 2:00cv44 (D. Wyo. dismissed as frivolous and for failure to state a claim on May 9, 2000); <u>Demos v. James R. Mellor</u>, 7:00cv187 (W.D. Va. dismissed as frivolous on March 9, 2000); <u>Demos v. Thomas J. Usher</u>, No. 2:00cv381 (W.D. Pa. dismissed as frivolous on May 17, 2000; <u>Demos v. John Doe</u>, No. 1:00cv594 (N.D. Ga. dismissed as frivolous on March 29, 2000); <u>Demos v. Daniel Motellep</u>, No. 1:00cv747 (S.D. Fla. dismissed as frivolous on March 23, 2000); and <u>Demos v. John Doe, CEO of Marthon Oil Company</u>, No. 3:00cv7158 (N.D. Ohio dismissed as frivolous on May 15, 2000). Therefore, Plaintiff may not take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury.

It is also necessary to consider whether the exception to the "three strikes" provision is applicable here. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. <u>See, e.g.</u>, <u>Malik v. McGinnis</u>, 293 F.3d 559, 562-63 (2d Cir. 2002); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc). Plaintiff was convicted of attempted rape and first degree burglary in King County, Washington, Superior Court in Seattle, Washington, in 1978. That court sentenced petitioner to life. In this case, Plaintiff alleges that the Defendant failed to use its power, prestige, and influence to sway his criminal trial or assist him after his conviction. The allegations do not satisfy the requirement that the prisoner be in imminent danger of serious physical injury when the complaint is filed. Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court has no authority to consider it on the merits

unless Plaintiff first tenders the civil filing fee. Therefore, Plaintiff's application to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $350 civil filing fee within thirty (30) days of the date of filing of this order. Failure to do so will result in the assessment of the filing fee directly from Plaintiff's inmate trust fund account and dismissal of this action for failure to prosecute. Alea, 286 F.3d at 381-82.

Plaintiff is hereby PROHIBITED from filing further motions and documents in this case until the full filing fee of $350 is remitted.  The Clerk is directed to file no further motions or documents in this case until the full filing fee is received.

IT IS SO ORDERED.

                                    s/ **James D. Todd**
                                    JAMES D. TODD
                                    UNITED STATES DISTRICT JUDGE