IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN ROBERT DEMOS,

    Plaintiff,

vs.                                                No. 11-1253-JDT-egb

THE NATURAL RIGHTS CENTER,

    Defendant.

ORDER OF DISMISSAL
ORDER REAFFIRMING RESTRICTIONS ON FILING PRIVILEGES
AND
NOTICE OF APPELLATE FILING FEE

      On August 11, 2011, Plaintiff John Robert Demos, Washington State prisoner number 287455-I-C-203, an inmate at the Washington State Penitentiary ("WSP"), in Walla Walla, Washington, filed a pro se complaint pursuant to 42 U.S.C. § 1983, along with a motion seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1, D.E. 2.) On August 17, 2011, the Court entered an order denying Plaintiff's motion to proceed in forma pauperis and directed him to pay the filing fee within thirty (30) days. (D.E. 3.) That order stated, in pertinent part:

> Plaintiff is ORDERED to remit the entire $350 civil filing fee within thirty (30) days of the date of filing of this order. Failure to do so will result in the assessment of the filing fee directly from Plaintiff's inmate trust fund account and dismissal of this action for failure to prosecute. [In re] Alea, 286 F.3d [378,] 381-82 [(6th Cir. 2002)].

(Id. at 4).

      Rather than pay the filing fee, on September 7, 2011, Plaintiff filed a notice of appeal. (D.E. 4.) On November 1, 2011, the Court assessed the appellate filing fee. (D.E. 5.)

Plaintiff failed to pay the appellate filing fee and, on December 8, 2011, the Sixth Circuit Court of Appeals dismissed Plaintiff's appeal for want of prosecution. (D.E. 7.)

Plaintiff did not pay the filing fee within thirty days of the entry of the order on September 7, 2011.  A pro se plaintiff's complaint may be dismissed when the plaintiff has been directed to comply with a court order and has been given notice that dismissal will be the penalty for failure to comply.  Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)(holding that dismissal is appropriate when a party fails to comply with readily comprehensible instructions in court order); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988).  Accordingly, the Court DISMISSES this action without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

Plaintiff Demos' filing privileges are restricted by 28 U.S.C. § 1915 (g) because he has filed numerous previous lawsuits in this and other districts which were dismissed for

failure to state a claim or as frivolous.[1] Plaintiff is not eligible for the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury.

Finally, Plaintiff is ORDERED not to file any further documents in this action except a one-page notice of appeal. The Clerk is instructed to return any further documents with this case number, with the exception of a notice of appeal, to Plaintiff Demos.

The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. However, due to Plaintiff's abuse of the judicial system, 28 U.S.C. § 1915(g) bars him from taking an appeal under § 1915(b). Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

---

[1] Plaintiff has filed hundreds of lawsuits across the country, and at least three of those suits were dismissed for failure to state a claim or as frivolous. See Demos v. Clinton, et al., No. 1:94cv939 (D.D.C. dismissed as frivolous on April 28, 1994); Demos v. John Doe, Chairman, Coca-Cola, No. 1:94cv16843 (N.D. Ga. dismissed as frivolous on March 4, 1995); Demos v. John Doe, Chairman, Adolph Coors Co., No. 1:94c1778 (D. Colo. dismissed as frivolous on August 1, 1994); Demos v. Frito-Lay, et al., No. 3:94cv1805 (N.D. Tex. dismissed as failing to state a claim on Nov. 7, 1994); Demos v. John Doe, No. 3:94cv2719 (N.D. Tex. dismissed as frivolous on Jan. 12, 1995); Demos v. John Doe, Leaf Inc., No. 1:94cv3817 (N.D. Ill. dismissed as frivolous on June 29, 1994; Demos v. H.J. Heinz, Chairman, No. 2:94cv4037 (E.D. Pa. dismissed as frivolous on July 6, 1994); Demos v. John Doe, Chairman Mars Incorporated Candy Company, No. 2:94cv4780 (D.N.J. dismissed as frivolous on September 30, 1994; Demos v. John Doe, Chairman, et al., No. 1:94cv4978 (N.D. Ill. dismissed as frivolous on January 6, 1995); Demos v. John Doe, Manufacturer, et al., No. 1:96cv743 (W.D. Mich. dismissed as frivolous on October 29, 1996; Demos v. IRS, No. 1:96cv1822 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1996; Demos v. Director, Census Bureau, No. 1:96cv1823 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1996); Demos v. Director, Patent Office, No. 1:96cv1824 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1996); Demos v. Director, Mint Officer, No. 1:96cv1825 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1995); Demos v. Alan Greenspan, Chairman, Federal Reserve Board, No. 1:96cv1826 dismissed as frivolous and for failure to state a claim on which relief may be granted on August 5, 1996; Demos v. Steven Skurka, No. 96cv2267 (D.D.C. dismissed as frivolous on September 30, 1996); Demos v. John Doe, Director American Correctional Association, et al., No. 2:97cv599 (W.D. Wash. dismissed as frivolous and warned on June 23, 1997); Demos v. T.M. Hatin, CEO, No. 1:97cv1819 (N.D. Ga. dismissed as frivolous on October 7, 1997); Demos v. Scott Paper Company, et al., No. 2:97cv4109 (E.D. Pa. dismissed as frivolous on January 22, 1998); Demos v. Hunt Oil Company, 2:00cv44 (D. Wyo. dismissed as frivolous and for failure to state a claim on May 9, 2000); Demos v. James R. Mellor, 7:00cv187 (W.D. Va. dismissed as frivolous on March 9, 2000); Demos v. Thomas J. Usher, No. 2:00cv381 (W.D. Pa. dismissed as frivolous on May 17, 2000; Demos v. John Doe, No. 1:00cv594 (N.D. Ga. dismissed as frivolous on March 29, 2000); Demos v. Daniel Motellep, No. 1:00cv747 (S.D. Fla. dismissed as frivolous on March 23, 2000); and Demos v. John Doe, CEO of Marthon Oil Company, No. 3:00cv7158 (N.D. Ohio dismissed as frivolous on May 15, 2000).

If Demos files a notice of appeal, the Clerk is ORDERED to assess and collect the entire fee of $455 from his prison trust fund account whenever funds are in this account, without regard to the installment payment provisions of § 1915(b).  If Demos files a notice of appeal, he must pay the entire fee within thirty (30) days of filing that notice.  If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that Court will dismiss his appeal.  It will not be reinstated thereafter even if he does pay the filing fee.  Cf. McGore, 114 F.3d at 609-10. IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE